**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Dustin R. Sims, | Civ. No. 21-2527 (KMM/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dan Jahnke, Douglas County Sheriff Deputy; Amy Anderson; Cindy Kuhnau; Unknown Sgt.; Deputy Tanner; and Deputy Nichole, | |
| Defendants. | |

In an order dated January 11, 2022, this Court reviewed the application to proceed *in forma pauperis* of Plaintiff Dustin R. Sims, concluded that Sims qualified financially for IFP status, and further concluded that Sims had no assets and no means by which to pay an initial partial filing fee for this matter. *See* (Doc. No. 9). The Court also noted, however, that the complaint submitted by Sims in this matter was subject to substantive review under 28 U.S.C. § 1915A and that, as pleaded, it was unlikely that this action would survive that preservice review. Rather than recommend immediate dismissal, however, this Court permitted Sims 30 days in which to submit an amended complaint, failing which it would be recommended that this action be pursuant to § 1915A. (*Id.* at 5–6.)

That deadline has now passed, and Sims has not filed an amended complaint, leaving the deficient original complaint as the operative pleading in this matter. As

explained in this Court's prior order, *see* (Doc. No. 9 at 4–5), Sims has failed to state a claim on which relief may be granted. To summarize those conclusions: The complaint includes little by way of factual allegations, and it is therefore difficult to discern what, precisely, Sims is alleging to have occurred that violated the law. Sims may not bring claims under § 1983 premised upon the defendants' alleged failure to provide an adequate grievance procedure, as prisoners do not have a constitutionally protected right to a grievance process. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Sims has sued the defendants in only their official capacities as agents of Douglas County, Minnesota, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995), but none of the allegations relate to alleged wrongdoing of the county itself, as opposed to the individual persons employed by that county, *see, e.g.*, *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978).

Although Sims's complaint is under pleaded, his claims are not so deficient that repleading would be futile. For that reason, Sims was afforded an opportunity to submit an amended complaint. Because the deadline for submitting the amended complaint has now passed, this Court now recommends dismissal of this action—though dismissal only without prejudice, so that Sims may potentially prosecute his claims, if properly amended, at a later date.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. The application to proceed *in forma pauperis* of plaintiff Dustin R. Sims (Doc. No. 6) be **DENIED**.

Dated: February 24, 2022                *s/ Becky R. Thorson*
                                        BECKY R. THORSON
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).